UNITED STATES DISTRICT COURT SCAN INDEX SHEET



1mm

3:96-cv-00105 Moran v. State of California

cv

3

96105

1

Moran

State of California

cmp.

1/23/96

BTM - Presiding Judge

1 | TOM ADLER (State Bar No. 52169)
ELLEN FAYE GROSS (State Bar No. 149127)
2 | Attorneys at Law
Law Offices of Adler & Marrinan
3 | 2445 Fifth Avenue, Ste. 200
San Diego, CA 92101
4 | (619) 238-6800

5 | Attorneys for Plaintiff

6 |

**FILED**

JAN 2 ? 1996

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7 | **UNITED STATES DISTRICT COURT**

8 | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9 | PATRICIA MORAN,                    ) Case No. 96-105-BTM(LSP)
                                   )
10 |                  Plaintiff,        ) **COMPLAINT FOR DAMAGES**
                                   )
11 |   vs.                             ) 1. Sexual Discrimination/
                                   )    Harassment Under the
12 | STATE OF CALIFORNIA, MERLE NUNZ,  )    California Constitution
PAUL VON NORMANN, TOM SAMPSELL,     ) 2. Sexual Harassment
13 | TIM CARTER, BILL PETERSON,        )    Pursuant to Government
LOUIE GARCIA, MIKE MOECK,           )    Code §12940, et seq.
14 | ANDY VILLALOBOS, JIM HOOVER,      ) 3. Retaliation in Violation
and DOES  1 - 50, Inclusive,        )    of Government
15 |                                   )    Code §12940 et seq.
                  Defendants.          ) 4. Discrimination/Harass-
16 |                                   )    ment based upon Physical
                                   )    Disability Pursuant to
17 |                                   )    Government Code §12940,
                                   )    et seq.
18 |                                   ) 5. Discrimination due to
                                   )    Physical Disability
19 |                                   )    Pursuant to the ADA,
                                   )    42 U.S.C. §12101, et seq.
20 |                                   ) 6. Title 42 U.S.C. §1983/
                                   )    Violation of Federal
21 |                                   )    Civil Rights
                                   ) 7. Violation of Public
22 |                                   )    Policy
                                   ) 8. Invasion of Privacy
23 |                                   ) 9. Negligence
                                   )    **JURY TRIAL DEMANDED**
24 | _____ )

25 | Plaintiff alleges:

26 |                **GENERAL ALLEGATIONS**

27 |      1.   This action is brought pursuant to 42 U.S.C. §1983, the

28 | United States Constitution, the Americans with Disabilities Act [42

ORIGINAL

1 | U.S.C. §12101, et seq., the California Constitution, the Fair
2 | Employment and Housing Act pursuant to California Government Code
3 | §12940, et seq., and California state law.

4 |     2.  Plaintiff PATRICIA MORAN, an adult woman, is and at all
5 | material times mentioned herein a resident of Oceanside, County of
6 | San Diego, State of California.

7 |     3. Defendant STATE OF CALIFORNIA ("STATE") by and through its
8 | Department of Transportation ("CALTRANS") is and was at all times
9 | mentioned herein a public entity existing under the laws of the
10 | United States and the State of California and the employer of
11 | defendants NUNZ, VON NORMANN, SAMPSELL, CARTER, PETERSON, GARCIA,
12 | MOECK, VILLALOBOS, HOOVER, and DOES 1 through 50. The individual
13 | defendants and DOES 1 through 50, and each of them, performed all
14 | of the herein alleged acts for, and in the name of defendant STATE.
15 | Defendant STATE is also responsible for the indemnification of
16 | employees such as defendants NUNZ, VON NORMANN, SAMPSELL, CARTER,
17 | PETERSON, GARCIA, MOECK, VILLALOBOS, HOOVER, and DOES 1 - 50
18 | pursuant to Government Code §825.

19 |     4.  Defendant NUNZ is the Regional Manager of CALTRANS and was
20 | responsible for the training, supervision, and conduct of
21 | defendants VON NORMANN, SAMPSELL, CARTER, PETERSON, GARCIA, MOECK,
22 | VILLALOBOS, HOOVER, and DOES 1 - 50, and each of them, as more
23 | fully set forth below. He was also responsible by law for
24 | enforcing the policies, procedures, and regulations of CALTRANS and
25 | the STATE OF CALIFORNIA and for ensuring that CALTRANS employees
26 | and/or agents obeyed the laws of the State of California and the
27 | United States. He is sued in his individual capacity.

28 |     5.  Defendant VON NORMANN is the District Manager of CALTRANS

1  and was responsible for the training, supervision, and conduct of

2  defendants SAMPSELL, CARTER, PETERSON, GARCIA, MOECK, VILLALOBOS,

3  HOOVER, and DOES 1 - 50, and each of them, as more fully set forth

4  below.  He was also responsible by law for enforcing the policies,

5  procedures, and regulations of CALTRANS and the STATE OF CALIFORNIA

6  and for ensuring that CALTRANS employees and/or agents obeyed the

7  laws of the State of California and the United States.  He is sued

8  in his individual capacity.

9      6.  At all times relevant hereto, defendant SAMPSELL was an

10 employee of CALTRANS.  At all material times herein, defendant

11 SAMPSELL was plaintiff's immediate supervisor in CALTRANS'

12 maintenance crew.  Defendant SAMPSELL'S responsibilities as

13 supervisor in the maintenance crew included but were not limited to

14 employee training, personnel demotion and discipline, as well as

15 being knowledgeable of and responsible for compliance by the

16 CALTRANS' maintenance crew with CALTRANS policies and procedures,

17 and state and federal laws and/or regulations.  Defendant SAMPSELL

18 is sued in his individual capacity.

19     7.  At all material times mentioned herein, defendant CARTER

20 was an employee of CALTRANS acting in the scope and course of his

21 employment with the STATE OF CALIFORNIA.  Defendant CARTER is sued

22 in his individual capacity.

23     8.  At all material times mentioned herein, defendant PETERSON

24 was an employee of CALTRANS acting in the scope and course of his

25 employment with the STATE OF CALIFORNIA.  Defendant PETERSON is

26 sued in his individual capacity.

27     9.  At all material times mentioned herein, defendant GARCIA

28 was an employee of CALTRANS acting in the scope and course of his

1   employment with the STATE OF CALIFORNIA.  Defendant GARCIA is sued

2   in his individual capacity.

3      10. At all material times mentioned herein, defendant MOECK

4   was an employee of CALTRANS acting in the scope and course of his

5   employment with the STATE OF CALIFORNIA.  Defendant MOECK is sued

6   in his individual capacity.

7      11.   At all material times mentioned herein, defendant

8   VILLALOBOS was an employee of CALTRANS acting in the scope and

9   course of his employment with the STATE OF CALIFORNIA.  Defendant

10   VILLALOBOS is sued in his individual capacity.

11      12. At all material times mentioned herein, defendant HOOVER

12    was an employee of CALTRANS acting in the scope and course of his

13   employment with the STATE OF CALIFORNIA.  Defendant HOOVER is sued

14   in his individual capacity.

15      13. At all material times mentioned herein, defendants DOES 1

16   through 50, employees of CALTRANS, were employees or agents of

17   defendant STATE and in doing the acts hereinafter described acted

18   within the course and scope of their employment.  The acts of all

19   defendants and each of them, were also done under the color and

20   pretense of the statutes, ordinances, regulations, customs and

21   usages of the STATE and CALTRANS.  Defendants DOES 1 through 50 are

22   sued individually and in their capacity as employees of the STATE.

23      14.  The true names and capacities, whether individual,

24   corporate, associate or otherwise, of defendants named herein as

25   DOES 1 through 50 are unknown to plaintiff, who therefore sue said

26   defendants by said fictitious names.  Plaintiff will amend this

27   complaint to show said defendants' true names and capacities when

28   the same have been ascertained.  Plaintiff is informed and believe

1 | and thereon allege, that all defendants sued herein as DOES are in

2 | some manner responsible for the acts and injuries alleged herein.

3 |     15. Plaintiff is informed and believes and therefore alleges

4 | that at all times mentioned herein each of the defendants was the

5 | agent, servant, and/or employee of the other defendant and was, in

6 | doing the acts herein alleged, acting within the course and scope

7 | of this agency and/or employment, and with the permission, consent

8 | and authority of their co-defendant, and each is responsible in

9 | some manner for the occurrences hereinafter alleged; and that

10 | plaintiff's injuries were proximately caused by the actions of

11 | each.

12 |     16. Prior to the filing of this complaint and on or about July

13 | 10, plaintiff filed a timely charge with the California Department

14 | of Fair Employment and Housing.  Plaintiff received a right-to-sue

15 | letter from the Department of Fair Employment and Housing on July

16 | 18, 1995.

17 |     17. Also prior to the filing of this complaint, plaintiff

18 | filed a claim with the State of California Board of Control on June

19 | 19, 1995 for the injuries alleged herein.  Plaintiff's claim was

20 | denied on July 25, 1995.

21 | **FACTUAL ALLEGATIONS**

22 |     18.  For the period from August, 1983, until on or about April

23 | 11, 1995, and during all material times herein, plaintiff was

24 | employed as a laborer by CALTRANS.

25 |     19.  Throughout her employment as a laborer for CALTRANS,

26 | plaintiff's performance was fully satisfactory and indeed

27 | outstanding.  Plaintiff's performance evaluations were always

28 | satisfactory and without significant criticism and plaintiff

1   received pay increases throughout the duration of her employment
2   with CALTRANS.

3   **SEXUAL HARASSMENT AND DISCRIMINATION AGAINST PLAINTIFF**

4       20.   In May, 1994, plaintiff had surgery necessitated by a
5   work-related injury.  On her first day back at work in September,
6   1994, plaintiff was transferred to a maintenance crew from her
7   customary work at rest areas by defendant VON NORMANN.  Maintenance
8   work included heavy labor which rest area work did not.  Plaintiff
9   was the only woman on the CALTRANS maintenance crew.

10      21.  The male crew members plaintiff was to work with included
11  defendants CARTER, PETERSON, GARCIA, MOECK, VILLALOBOS, and HOOVER.
12  Defendant SAMPSELL was their supervisor as well as plaintiff's
13  supervisor.    From  her  first  day  of  work  with  defendants,
14  defendants, and each of them, subjected plaintiff to a hostile work
15  environment and discriminated against plaintiff because of her
16  gender. The following are a few examples of defendants' statements,
17  conduct or the subject matter of defendants' statements or conduct
18  to the plaintiff:[1]

19      A.   During her first day back at work, plaintiff was
20  informed by fellow crew members defendants MOECK and GARCIA that
21  the men did not want to work with women.  Defendant MOECK stated
22  that "you know they don't want any women on this crew and they are
23  going to fuck with you."  Defendant GARCIA stated further that,
24  "they are going to fuck with you and there is nothing you can do
25  about it."

26

27      [1]   The examples in no way are inclusive of all of the verbal
28  harassment and/or harassing conduct endured by the plaintiff in
    this case but are set forth for the purpose of this complaint only.

B. Plaintiff's first job upon returning to work was to tear down a concrete wall with a jack hammer. Upon information and belief, plaintiff was given that job due to a discriminatory or improper motive.

C. Plaintiff was isolated from the other male crew members commencing her first day back to work because of her gender. When plaintiff attempted to speak to her male co-workers, they would turn away from her and ignore her.

D. Plaintiff, the only woman on the crew, was forced to share a locker room with her male co-workers, including the restroom. Instead of being given a locker near the door, plaintiff was given a locker near the urinal.

E. On one occasion shortly after plaintiff returned to work, plaintiff was in the restroom inside a stall. When she opened the stall door, defendant MOECK was standing outside the restroom booth with his zipper down and his hands in his pants. Plaintiff was shocked and upset. Defendant MOECK told plaintiff to "get used to it." Defendant MOECK repeated this conduct on or about January 30, 1995. At that time, plaintiff went to defendant SAMPSELL and pleaded with him to do something about the harassment.

F. At the Caltrans Christmas party in December, 1994, defendant CARTER made comments to the plaintiff about plaintiff and another female employee "fuzz bumping" and/or "sticking together like velcro" because they had taken a vacation together, inferring that plaintiff was a lesbian. CARTER also asked the plaintiff what the other female employee looked like naked. Plaintiff asked CARTER to stop making the comments yet he persisted.

G. Further, plaintiff was told by defendant CARTER, who

was the acting leadworker at the time, that she was required to confront the crew members one by one concerning her complaints of sexual harassment and/or discrimination if she wanted anything to be done about them. On information and belief, it is alleged that defendant CARTER forced plaintiff to do this to dissuade her from making complaints concerning the defendants' sexual harassment and discrimination against her.

H. Defendant HOOVER ordered plaintiff to call him "Mr. Hoover" and openly told plaintiff that he would not work with her because she was a woman and further told the entire crew that putting plaintiff on the crew "meant trouble."

I. Defendant GARCIA told the plaintiff on occasions that he wanted to stick his tongue down the throat of a female landscape worker despite the plaintiff requesting that he not speak to her like that. On March 20, 1995, after a brief absence from work, defendant GARCIA saw the plaintiff and sang "The Bitch is Back".

J. Defendant VILLALOBOS belittled the plaintiff on several occasions while working with her, called her "stupid" and told other CALTRANS employees that plaintiff just "can't get it."

K. In February, 1995, plaintiff was taken off the CALTRANS maintenance crew and was replaced by a male. Upon information and belief, it is alleged that the transfer of the plaintiff from CALTRANS maintenance crew was due to her complaints of sexual harassment and discrimination and defendants' refusal to reasonably accommodate the plaintiff's physical disabilities.

L. Despite being assigned to different work, plaintiff was still sexually harassed and discriminated against by defendants. Plaintiff was forced to sit in the maintenance crew

1 | room with crew member defendants to get her daily work assignments

2 | from supervisor defendant SAMPSELL and endure their harassing and

3 | hostile remarks and comments.  Plaintiff's request to not have to

4 | sit with the crew member defendants because of their conduct was

5 | refused by defendant SAMPSELL.

6 | **DEFENDANTS' HARASSMENT OF PLAINTIFF IMPACTED HER SAFETY**

7 | 22.  Defendants' harassment of plaintiff also impacted her

8 | safety on the job, which caused plaintiff to fear for her physical

9 | well-being while working.  The following are some examples of

10 | defendants' harassment and discrimination against the plaintiff

11 | which further created a hostile work environment and which resulted

12 | in plaintiff's constructive termination by defendants:

13 | A. While plaintiff was cleaning graffiti using a spray

14 | gun with defendant GARCIA, GARCIA yanked the hose of the spray gun

15 | so hard that plaintiff fell and rolled down the hill towards

16 | oncoming traffic.

17 | B. Despite the fact that plaintiff had no training in

18 | "flagging" (i.e., directing traffic), she flagged with defendant

19 | MOECK who constantly criticized the plaintiff's performance,

20 | refused to tell the plaintiff when cars were coming and refused to

21 | communicate properly on the radio provided for flagging.  Several

22 | times when plaintiff rode in a CALTRANS truck, defendant MOECK

23 | drove fast and recklessly, on information and belief in an attempt

24 | to scare the plaintiff.  Plaintiff was in fact scared and feared

25 | for her safety.

26 | C. On or about February 16, 1995, defendant HOOVER

27 | refused to communicate with the plaintiff on the radio putting

28 | plaintiff's safety at risk.

D. On or about February 21 and 22, 1995, defendant VILLALOBOS refused to back up the plaintiff while she was picking up a freeway closure, causing plaintiff to fear for her safety.

### DEFENDANTS' DISCRIMINATION AGAINST PLAINTIFF BASED UPON
### HER PHYSICAL DISABILITIES AND THEIR FAILURE
### TO REASONABLY ACCOMMODATE PLAINTIFF AT WORK

23. Plaintiff was assigned to the CALTRANS maintenance crew in September, 1994, after her cervical spine was operated on in May, 1994, instead of working in a rest area as she had done in the past. The duties of a maintenance worker included heavy labor which the duties of a rest area worker did not. The cervical spine surgery was necessitated by an on-the-job injury suffered by plaintiff.

24. As a result of her surgery, plaintiff suffered a physical impairment that substantially limited one or more major life activities of the plaintiff. Plaintiff further had a record of impairment after her cervical spine surgery and further was regarded by defendant STATE, CALTRANS, and defendants NUNZ, VAN NORMANN, and PETERSON as having such an impairment.

25. Additionally, plaintiff suffered a wrist and hand injury on or about April 4, 1995. As a result of suffering from a wrist/hand injury, plaintiff further suffered a physical impairment that substantially limited one or more major life activities of the plaintiff.

26. Despite plaintiff's physical impairments which were regarded as such by defendants, defendant STATE, CALTRANS, NUNZ, VAN NORMANN, and PETERSON, said defendants failed to make reasonable accommodation to the known physical limitations of

10

1 | plaintiff who was an otherwise qualified applicant or employee with
2 | a disability.

3 |     27.   The following are a few examples of defendants'
4 | discrimination against plaintiff based upon her physical
5 | disabilities and their failure to make reasonable accommodation to
6 | the plaintiff:

7 |     A.  The first job plaintiff was given upon her return to
8 | work after recuperating from cervical spine surgery was to tear
9 | down a concrete wall with a sledge hammer. Upon information and
10 | belief, it is alleged that plaintiff was under work restrictions
11 | when she returned to work and that defendants violated her work
12 | restrictions by making plaintiff tear down a concrete wall with a
13 | sledge hammer which is a job normally done by machine not a sledge
14 | hammer.

15 |     B.  On January 24, 1995, plaintiff was given the job of
16 | throwing out cones on the freeway for a freeway shutdown due to an
17 | accident. This caused plaintiff severe pain and stress on her neck
18 | and lower back. Further, plaintiff was then made to "man" the
19 | freeway closure by sitting in a parked truck for five hours with no
20 | relief, breaks, or opportunity to use the bathroom. Plaintiff
21 | complained to defendant CARTER about her pain and his response was
22 | that plaintiff did not know how to do a freeway closure.
23 | Plaintiff's request to CARTER to see a doctor for her injury was
24 | ignored. Plaintiff was physically and emotionally traumatized by
25 | the incident.

26 |     C.  During the period from March 1, 1995 through March
27 | 14, 1995, plaintiff was placed on "restriction" by her doctor and
28 | told not to lift more than 15 pounds and to not engage in prolonged

walking, climbing, bending or stooping.

D. Due to the restriction from her doctor, defendant VAN NORMANN sent plaintiff home and did not allow her to work at all for the two week period, despite plaintiff's ability, willingness, and the availability of "light duty" work such as driving court workers around or driving a power lawn mower. Upon information and belief, it is alleged that defendants accommodated the physical limitations of male employees who were injured but not female employees at CALTRANS on several occasions, and further that defendant VON NORMANN's act of sending plaintiff home for two weeks was based upon an improper or discriminatory motive.

E. When plaintiff returned to work after being sent home by defendant VON NORMANN for two weeks, her work restriction had been changed so that she could lift up to 25 pounds only. Despite this, defendant PETERSON ordered plaintiff to drag heavy pieces of a Eucalyptus tree to a curb, which clearly violated the doctor's restrictions.

F. On March 23, 1995, plaintiff complained to defendant PETERSON about her back pain and asked if there was anything he could do. PETERSON stated there was nothing he could do for the plaintiff.

G. After plaintiff was diagnosed with her wrist/hand injury, defendants PETERSON and CARTER told the other members of the crew that plaintiff had carpal tunnel syndrome and put fliers in everyone's mailbox. Upon information and belief, it is alleged that defendant MOECK was handing out the fliers and making jokes and further that the other crew member defendants were also making jokes about the plaintiff and her physical disability.

H. Pursuant to CALTRANS' policies and procedures, managers and supervisors are responsible for identifying situations that require reasonable accommodation and for addressing requests for accommodation. Not only did defendants VAN NORMANN and NUNZ fail to identify and/or address plaintiff's situation to determine that it required accommodation, defendants VAN NORMANN and NUNZ further failed and/or refused to address plaintiff's requests for accommodation. Further, upon information and belief, defendants pushed plaintiff very hard physically, which was an attempt by defendants to get rid of plaintiff because of her gender and her physical disabilities.

I. On April 4, 1995, defendant PETERSON asked plaintiff "why don't you retire?" after plaintiff related to PETERSON that her left hand was numb and that she in fact had been diagnosed by one physician as having carpal tunnel syndrome.

J. Due to the numbness in her left hand, plaintiff was sent back to work by her doctors with limited duty restrictions. Plaintiff was told by her doctor not to do anything requiring repetitive or forceful use of her left hand. On April 4, 1995, even after being made aware of plaintiff's physical disability and the duty restrictions imposed as a result thereof, defendant PETERSON still forced plaintiff to dig several holes. Defendant PETERSON informed plaintiff that she "needed to be taught a lesson." On April 5, 1995, plaintiff was again forced to dig ditches. When she complained to defendant PETERSON, his comment was "too bad."

K. On April 11, 1995, plaintiff complained to defendant PETERSON about her hand again. Immediately after that, PETERSON

1    ordered plaintiff to backfill a 20-foot by 4-foot ditch, then

2    backfill another hole.

3        28. On April 11, 1995, plaintiff broke down emotionally as a

4    result of defendants' actions and never returned to work again.

5        **DEFENDANT CALTRANS, NUNZ' AND VON NORMANN'S FAILURE TO**

6        **SUPERVISE OR TAKE ACTION CONCERNING THE DISCRIMINATION**

7        **AND HARASSMENT SUFFERED BY PLAINTIFF**

8        29. Since plaintiff first began having problems with

9    defendants when she returned to work with the all-male CALTRANS

10    maintenance crew, defendants CALTRANS, NUNZ and VON NORMANN were

11    unresponsive to plaintiff's concerns and complaints, failed to

12    discipline or supervise the defendant crew members, thereby

13    allowing defendant crew members to harass, discriminate, and

14    retaliate against the plaintiff when she did complain.

15        30. On or about January 30, 1995, after defendant MOECK had

16    again used the urinal right in front of the plaintiff, she went and

17    complained to her supervisor defendant SAMPSELL.  Plaintiff

18    informed SAMPSELL that unless something was done to alleviate the

19    hostile work environment that plaintiff would go to CALTRANS'

20    Affirmative Action department.

21        31. On January 31, 1995, a meeting was held between plaintiff

22    and defendants SAMPSELL, CARTER, GARCIA, MOECK, and VILLALOBOS. At

23    that time, defendant SAMPSELL told plaintiff to confront each one

24    of the defendants she had complained about.  Plaintiff was very

25    intimidated and afraid.  Upon information and belief, the crew

26    member defendants were not disciplined in any way by defendant

27    SAMPSELL or any other CALTRANS supervisor or manager.  The meeting

28    did nothing to alleviate the hostile working environment plaintiff

was subjected to and in fact, only served to cause the defendant crew members to retaliate against plaintiff further for complaining to defendant SAMPSELL which was evidenced by several of the incidents described herein.

32. On or about February 21, 1995, after another grueling day at work, plaintiff was so upset that she finally called CALTRANS' local Affirmative Action department for the CALTRANS division where plaintiff is employed.

33. On or about February 23, 1995, plaintiff went back to defendant SAMPSELL and informed him that the crew members were out of control, her working conditions were intolerable, and since SAMPSELL had done nothing to help her, she would have to go to Affirmative Action. Before she left, she was talked into waiting for defendant VON NORMANN to talk to her prior to going to Affirmative Action.

34. When defendant VON NORMANN arrived, his reaction was basically, "what am I supposed to do, fire everybody?"

35. Defendant VON NORMANN then ordered plaintiff to speak with defendant NUNZ who is defendant VAN NORMANN's supervisor. Defendant NUNZ attributed the problems plaintiff was experiencing to her having not yet adjusted to the different "personality types" of the defendant crew members. Upon information and belief, defendants VAN NORMANN and NUNZ did not discipline or take corrective action against any of the defendant crew members as a result of plaintiff's complaints.

36. Even after defendant crew members found out that plaintiff was going to Affirmative Action, their abuse of the plaintiff continued.

37. Plaintiff filed an internal employment discrimination complaint with CALTRANS on March 3, 1995. The complaint was investigated and on or about July 12, 1995, CALTRANS concluded that plaintiff's allegations could not be sustained as illegal discrimination.

38. Defendants' activities as stated herein created a hostile work environment which subjected the plaintiff to severe emotional distress and anxiety. Defendants' failure to reasonably accommodate the plaintiff and their discrimination against her based upon her physical disabilities further subjected plaintiff to severe physical injury, emotional distress and anxiety. As a reasonable and direct response to such a hostile and oppressive work environment, plaintiff was forced to resign her employment and was constructively discharged on April 11, 1995.

39. On information and belief, it is alleged that CALTRANS has a systemic inability to appropriately respond and remedy complaints of sexual harassment and/or sexual discrimination and further a pattern of failure to address sexual harassment problems which further caused plaintiff's injuries as alleged herein.

40. Upon information and belief, it is alleged that defendant VON NORMANN had knowledge or should have had knowledge of each and every action described herein, and further that defendant VON NORMANN by his action(s) and/or inaction(s) ratified the conduct of all defendants named herein during the dates of the occurrences alleged herein.

41. Upon information and belief, it is alleged that defendant NUNZ had knowledge or should have had knowledge of each and every action described herein, and further that defendant NUNZ by his

1  action(s) and/or inaction(s) ratified the conduct of all defendants

2  named herein during the dates of the occurrences alleged herein.

3      42. Upon information and belief, it is alleged that defendants

4  STATE and/or DOES 26 through 50 had knowledge or should have had

5  knowledge of each and every action described herein, and further

6  that defendants STATE and/or DOES 26 through 50 by their action(s)

7  and/or inaction(s) ratified the conduct of all defendants named

8  herein during the dates of the occurrences alleged herein.

9      43.  As a proximate result of defendants' misconduct as

10 alleged above, plaintiff has suffered embarrassment, humiliation,

11 damage to her professional and personal reputation, lost earnings,

12 damage to her earning capacity, and physical and mental anguish all

13 to her damage in an amount according to proof.

14     44. The acts of defendants, and each of them, were taken with

15 full knowledge of the injury which would befall plaintiff, and with

16 a conscious disregard of plaintiff's rights, and were despicable,

17 oppressive and malicious, so as to justify an award of punitive

18 damages against all defendants except STATE in an amount to be

19 shown according to proof at trial.

20               **FIRST CAUSE OF ACTION**

21            **[Sexual Discrimination Under the California
   Constitution as to Defendants STATE,**

22            **NUNZ, VON NORMANN, SAMPSELL, CARTER,
   PETERSON, GARCIA, MOECK, VILLALOBOS,**

23            **HOOVER, and DOES 1 through 50]**

24     43.  Plaintiff realleges paragraphs 1 through 42 of the

25 complaint as though fully set forth herein.

26     44.   The acts of defendants STATE, NUNZ, VON NORMANN,

27 SAMPSELL, CARTER, PETERSON, GARCIA, MOECK, VILLALOBOS, HOOVER, and

28 DOES 1 through 50 alleged above are a violation of plaintiff's

1  constitutional right under Article I, Section 8, to work in an

2  environment free from managerial sexual harassment, entitling

3  plaintiff to bring an action for money damages thereunder

4  concurrent with her action under the aforementioned Government Code

5  sections.

6      45.  As a direct and proximate result of the unconstitutional

7  acts of defendant alleged above, plaintiff has suffered the

8  injuries and damages alleged above.

9      46.  The acts of defendants were malicious, fraudulent, and

10  oppressive, and were done with the wrongful intention of hurting

11  plaintiff, from an improper and evil motive amounting to malice,

12  and in conscious disregard of plaintiff's rights, thus entitling

13  plaintiff to punitive damages against all defendants except

14  defendant STATE in an amount according to proof.

15              **SECOND CAUSE OF ACTION**

16          **[Sexual Harassment pursuant to**
            **Government Code §12940, et seq.**
17          **as to Defendants STATE, NUNZ,**
            **VON NORMANN, SAMPSELL, CARTER,**
18          **PETERSON, GARCIA, MOECK, VILLALOBOS,**
            **HOOVER, and DOES 1 through 50]**
19

20      47.  Plaintiff realleges paragraphs 1 through 46 of the

21  complaint as though fully set forth herein.

22      48.  The conduct of defendants STATE, NUNZ, VON NORMANN,

    SAMPSELL, CARTER, PETERSON, GARCIA, MOECK, VILLALOBOS, HOOVER, and
23

    DOES 1 through 50 as described above constituted sexual harassment
24

    in violation of Government Code section 12940, et seq.
25

26      49.  As a direct and proximate result of the acts and

    omissions of defendants, plaintiff suffered, and continues to
27

28  suffer, loss of earnings and other employment benefits, loss of

1  reputation,  discomfort,  anxiety,  humiliation  and  emotional
2  distress,  and  will  continue  to  suffer  said  financial  losses,
3  discomfort,  anxiety,  humiliation  and  emotional  distress  in  the
4  future in an amount according to proof.

5      50.  Defendants performed the acts alleged herein maliciously,
6  fraudulently  and  oppressively,  with  the  wrongful  intention  of
7  injuring plaintiff, from an improper and evil motive amounting to
8  malice,  and  in  conscious  disregard  of  plaintiff's  rights.
9  Plaintiff  is  thus  entitled  to  recover  punitive  damages  from
10  defendants VON NORMANN, SAMPSELL, CARTER, PETERSON, GARCIA, MOECK,
11  VILLALOBOS, HOOVER, and DOES 1 - 50 in an amount to be proven at
12  trial herein.

13                  **THIRD CAUSE OF ACTION**

14            **[Retaliation in Violation of**
          **Government Code section 12940(f)**
15            **as to Defendants STATE, NUNZ,**
          **VON NORMANN, SAMPSELL, CARTER**
16        **PETERSON, GARCIA, MOECK, VILLALOBOS,**
         **HOOVER, and DOES 1 through 50]**

17
18      51.  Plaintiff  realleges  paragraphs  1  through  50  of  the
19  Complaint as though fully set forth herein.

20      52.  The  conduct  of  defendants  STATE,  NUNZ,  VON  NORMANN,
21  SAMPSELL, CARTER, PETERSON, GARCIA, MOECK, VILLALOBOS, HOOVER, and
22  DOES 1 through 50 and each of them as described above constituted
23  retaliation against plaintiff for complaining about their conduct
24  in violation of Government Code section 12940(f).

25      53.  As  a  direct  and  proximate  result  of  the  acts  and
26  omissions of defendants, and each of them, plaintiff suffered, and
27  continues  to  suffer,  loss  of  earnings  and  other  employment
28  benefits, loss of reputation, discomfort, anxiety, humiliation and

1  emotional distress, and will continue to suffer said financial

2  losses, discomfort, anxiety, humiliation and emotional distress in

3  the future in an amount according to proof.

4      54.  Defendants performed the acts alleged herein maliciously,

5  fraudulently and oppressively, with the wrongful intention of

6  injuring plaintiff, from an improper and evil motive amounting to

7  malice, and in conscious disregard of plaintiff's rights.

8  Plaintiff is thus entitled to recover punitive damages from all

9  defendants except defendant STATE in an amount to be proven at

10  trial herein.

11                     **FOURTH CAUSE OF ACTION**

12              **[Discrimination and/or Harassment based upon**
                    **Physical Disability Pursuant to**
13                  **Government Code §12940, et seq.**
                    **as to Defendants STATE, NUNZ,**
14                  **VON NORMANN, SAMPSELL, CARTER**
                **PETERSON, GARCIA, MOECK, VILLALOBOS,**
15                  **HOOVER, and DOES 1 through 50]**

16      55.  Plaintiff realleges paragraphs 1 through 54 of the

17  complaint as though fully set forth herein.

18      56.  The conduct of defendants STATE, NUNZ, VON NORMANN,

19  SAMPSELL, CARTER, PETERSON, GARCIA, MOECK, VILLALOBOS, HOOVER, and

20  DOES 1 through 50 as described above constituted sexual harassment

21  in violation of Government Code section 12940, et seq.

22      57.  As a direct and proximate result of the acts and

23  omissions of defendants, plaintiff suffered, and continues to

24  suffer, loss of earnings and other employment benefits, loss of

25  reputation, discomfort, anxiety, humiliation and emotional

26  distress, and will continue to suffer said financial losses,

27  discomfort, anxiety, humiliation and emotional distress in the

28  future in an amount according to proof.

58.  Defendants performed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendants NUNZ, VON NORMANN, SAMPSELL, CARTER, PETERSON, GARCIA, MOECK, VILLALOBOS, HOOVER, and DOES 1 - 50 in an amount to be proven at trial herein.

### FIFTH CAUSE OF ACTION

**[Discrimination Due to Physical
Disability Pursuant to the
Americans with Disabilities
Act, 42 U.S.C. §12101, et seq.
as to Defendant STATE]**

59.  Plaintiff realleges paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. At all times mentioned herein, plaintiff was a qualified individual with one or more physical disabilities who had a record of said disabilities or was regarded as having said disabilities by herself and by her employer defendant STATE.

61. The acts of all defendants as alleged above constituted a violation of plaintiff's rights pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., which ensures that individuals with disabilities such as the plaintiff's are not discriminated against in job assignments, job classifications, and are further ensured of reasonable accommodation to the known physical disability(ies) by her employer, defendant STATE.

62.  As a direct and proximate result of the acts and omissions of defendant STATE, plaintiff suffered, and continues to suffer, loss of earnings and other employment benefits, loss of

1 reputation, discomfort, anxiety, humiliation and emotional

2 distress, and will continue to suffer said financial losses,

3 discomfort, anxiety, humiliation and emotional distress in the

4 future in an amount according to proof.

### SIXTH CAUSE OF ACTION

**[Title 42 U.S.C. §1983/Violation of Federal
Civil Rights as to Defendants NUNZ,
VON NORMANN, SAMPSELL, CARTER
PETERSON, GARCIA, MOECK, VILLALOBOS,
HOOVER, and DOES 1 through 50]**

9    63.    Plaintiff repleads and incorporates by reference

10 Paragraphs 1 through 62 as though fully set forth herein.

11    64.    In doing the acts alleged herein, defendants NUNZ, VON

12 NORMANN, SAMPSELL, CARTER, PETERSON, GARCIA, MOECK, VILLALOBOS,

13 HOOVER, and DOES 1 through 50, and each of them, violated

14 plaintiff's clearly established federal civil right to be free from

15 sexual harassment under the Equal Protection Clause to the United

16 States Constitution, in that plaintiff was unlawfully discriminated

17 against, sexually harassed, and retaliated against all because of

18 her gender, thus depriving plaintiff of equal protection of the

19 laws.    A reasonably prudent employee or employer would not have

20 sexually harassed or discriminated against the plaintiff in

21 violation of the plaintiff's rights.    For these reasons, plaintiff

22 is entitled to seek damages pursuant to 42 U.S.C. §1983, et. seq.

23    65.    By reason of the acts of defendants, and each of them,

24 plaintiff suffered physical and emotional injury and is entitled to

25 general and compensatory damages from the above-named defendants

26 and each of them in an amount to be proven at trial.

27    66.    In doing the acts alleged herein, defendants acted in

28 reckless, callous, and malicious indifference to the rights and

feelings of the plaintiff, and by reason thereof plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION

**[Violation of Public Policy as to Defendants
STATE, NUNZ, VON NORMANN, SAMPSELL,
CARTER, PETERSON, GARCIA, MOECK,
VILLALOBOS, HOOVER, and DOES 1 through 50]**

67.   Plaintiff realleges paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.   It is the public policy of the State of California and the United States that persons, entities and employers, such as defendants, and each of them, shall not sexually harass, retaliate against, or otherwise discriminate against an employee based upon his or her sex or upon his or her physical disability.

69.   It is further the public policy of the State of California and the United States that persons, entities and employers, such as defendants, and each of them, shall not discharge, threaten to discharge, demote, suspend or in any other manner discriminate against in the terms and conditions of employment against an employee because the employee has made a bona fide oral or written complaint to her employer regarding said discrimination or sexual harassment or a failure to reasonably accommodate a physical disability that the employee has.

70.   As a direct and proximate result of the acts and omissions of defendants, and each of them, plaintiff suffered, and continues to suffer, loss of earnings and other employment benefits, loss of reputation, discomfort, anxiety, humiliation and emotional distress, and will continue to suffer said financial losses, discomfort, anxiety, humiliation and emotional distress in

the future in an amount according to proof.

71.  The acts of defendants and each of them, were malicious, fraudulent and oppressive, and were done with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights, thus entitling plaintiff to punitive damages against all defendants except defendant STATE in an amount to be proven at time of trial.

### EIGHTH CAUSE OF ACTION

**[Invasion of Privacy as to Defendants NUNZ, VON NORMANN, SAMPSELL, CARTER PETERSON, GARCIA, MOECK, VILLALOBOS, HOOVER, and DOES 1 through 25]**

72.  Plaintiff realleges paragraphs 1 through 71 of the complaint as though fully set forth herein.

73.  In doing the acts alleged above, defendants, and each of them, tortiously invaded plaintiff's right to privacy, protected by common law principles and by the California Constitution, Article I, Section I, causing plaintiff the injuries and damages alleged herein.

### NINTH CAUSE OF ACTION

**[Negligence as to Defendants STATE, NUNZ, VON NORMANN, and DOES 26 through 50]**

74.  Plaintiff realleges paragraphs 1 through 73 of the complaint as though fully set forth herein.

75.  Between the period of September, 1994, and April, 1995, defendants STATE, NUNZ, VON NORMANN, and DOES 26 through 50 were under an affirmative duty to provide and ensure a vehicle for the taking and processing of complaints regarding sexual harassment, discrimination, and reasonable accommodation to employees of

1 | CALTRANS; to fully, fairly, and expeditiously investigate
2 | complaints of sexual harassment, discrimination, and any failure to
3 | give reasonable accommodation to employees such as plaintiff who
4 | had physical disabilities; and, to remedy, correct, impose
5 | discipline or termination, and/or to take such other affirmative
6 | action to ensure that sexual harassment and/or discrimination of
7 | any kind was not tolerated or condoned within CALTRANS.

8 | 76. The duties enumerated in paragraph 75 above were breached
9 | by defendants STATE, NUNZ, VON NORMANN, and DOES 26 through 50, and
10 | each of them, who failed to allow plaintiff to make meaningful
11 | complaints regarding sexual harassment and discrimination, who
12 | further failed to fairly, and expeditiously investigate complaints
13 | of sexual harassment, discrimination, and any failure to give
14 | reasonable accommodation to employees such as plaintiff who had
15 | physical disabilities; and, to remedy, correct, impose discipline
16 | or termination, and/or to take such other affirmative action to
17 | ensure that sexual harassment and/or discrimination of any kind was
18 | not tolerated or condoned within CALTRANS.

19 | 77. As a proximate result of defendants' negligence,
20 | plaintiff suffered the losses and injured enumerated herein, in an
21 | amount to be proven at trial.

22 | WHEREFORE, plaintiff prays for judgment against defendants and
23 | each of them as follows:

24 | 1. For general and compensatory damages against defendants and
25 | each of them in an amount to be proven at trial;

26 | 2. For exemplary and punitive damages against defendants NUNZ,
27 | VON NORMANN, SAMPSELL, CARTER, PETERSON, GARCIA, MOECK, VILLALOBOS,
28 | HOOVER, and DOES 1 through 50 only, in an amount to be proven at

trial;

    3. For costs of suit herein, including reasonable attorneys fees; and

    4. For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated: Jan 17, 1996

                                    TOM ADLER,
                                    Attorney for Plaintiff

# United States District Court

_Southern_ _____ DISTRICT OF _____ _California_

PATRICIA MORAN,

                Plaintiff,

## SUMMONS IN A CIVIL ACTION

           V.

CASE NUMBER: _96-105-BTM (LSP)_

STATE OF CALIFORNIA, MERLE NUNZ,
PAUL VON NORMANN, TOM SAMPSELL,
TIM CARTER, BILL PETERSON,
LOUIE GARCIA, MIKE MOECK,
ANDY VILLALOBOS, JIM HOOVER,
and DOES 1 - 50, Inclusive,

                Defendants,

TO: (Name and Address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

TOM ADLER (State Bar No. 52169)
ELLEN FAYE GROSS (State Bar No. 149127)
Attorneys at Law
Law Offices of Adler & Marrinan
2445 Fifth Ave., Ste. 200
San Diego, CA 92101
(619)238-6800

an answer to the complaint which is herewith served upon you, within ____ _20_ ____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK

MARY S. TOTHLEMYER

BY DEPUTY CLERK

DATE _1-22-96_

ORIGINAL

AO 440 (Rev. 5/85)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me: | DATE |
|---|---|
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___1/23/96___    _Kristin Rossum_
           Date              Signature of Server

2560 1ST Ave, Ste 103, San Diego, CA 92103
Address of Server

NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(c) YOU ARE HEREBY NOTIFIED
THAT A U.S. MAGISTRATE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES
ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OF ALL PROCEEDINGS,
INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT.
COUNSEL FOR THE PLAINTIFF HAS RECEIVED A CONSENT FORM.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS
ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT.
ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE TO WHOM THE CASE
HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATES ARE APPEALABLE TO THE U.S. COURT OF
APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE
PROCEDURE UNLESS THE PARTIES AT THE TIME OF THEIR CONSENT TO TRIAL BEFORE
A MAGISTRATE AGREE UPON REVIEW BY THE UNITED STATES DISTRICT COURT.

As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

PATRICIA MORAN

**DEFENDANTS** STATE OF CALIFORNIA, MERLE NUNZ, PAUL VON NORMANN, TOM SAMPSELL, TIM CARTER, BILL PETERSON, LOUIE GARCIA, MIKE MOECK, ANDY VILLALOBOS, JIM HOOVER, and DOES 1 - 50, inclusive,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *SnCo*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

TOM ADLER, (S.B.N. 52169)
ELLEN FAYE GROSS (S.B.N. 149127)
Law Offices of Adler & Marrinan
2445 Fifth Ave., Ste. 200
San Diego, CA 92101 (619)238-6800

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. §1983; 42 U.S.C. §12101, et seq.

*96-105-BTM (LSP)*

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☐160 Stockholders' Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault, Libel & Slander<br>☐330 Federal Employers' Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☐350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury- Med Malpractice<br>☐365 Personal Injury - Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth in Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Food & Drug<br>☐630 Liquor Laws<br>☐640 R.R. & Truck<br>☐650 Airline Regs<br>☐660 Occupational Safety/Health<br>☐690 Other | ☐422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark<br>**SOCIAL SECURITY**<br>☐861 HIA (1395ff)<br>☐862 Black Lung (923)<br>☐863 DIWC (405(g))<br>☐863 DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RSI (405(g)) | ☐400 State Reapportionment<br>☐410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce/ICC Rates/etc.<br>☐460 Deportation<br>☐810 Selective Service<br>☐850 Securities/Commodities/ Exchange<br>☐891 Agricultural Acts<br>☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act<br>☐900 Appeal of Fee Determination Under Equal Access to Justice |
| **REAL PROPERTY**<br>☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | **CIVIL RIGHTS**<br>☐441 Voting<br>☒442 Employment<br>☐443 Housing/ Accommodations<br>☐444 Welfare<br>☐440 Other Civil Rights | **PRISONER PETITIONS**<br>☐510 Motions to Vacate Sentence 28 USC 2255<br>☐530 Habeas Corpus<br>☐540 Mandamus & Other<br>☐550 Civil Rights | **LABOR**<br>☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt. Relations<br>☐730 Labor/Mgmt. Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☐790 Other Labor Litigation<br>☐791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐870 Taxes<br>☐871 IRS-Third Party 26 USC 7609<br>☐875 Customer Challenge 12 USC 3410 | ☐950 Constitutionality of State Statutes<br>☐890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $ According to Proof

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE 1/22/96    SIGNATURE OF ATTORNEY OF RECORD  *Ellen Faye Gross*

UNITED STATES DISTRICT COURT

ORIGINAL